AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: Rhode Island | |
|---|---|---|
| Name of Movant: Hiawatha Burks | Prisoner No.: 05235-07 | Case No.: CR. No. 02-95-01-ML |
| Place of Confinement: Otisville FCI, Otisville, NY 10963 | | |

UNITED STATES OF AMERICA V. HIAWATHA BURKS
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
U.S. District Court for the District of Rhode Island

2. Date of judgment of conviction JUNE 30, 2006

3. Length of sentence 120 Months

4. Nature of offense involved (all counts) Counts I,II, and III, distribution of cocaine base in violation of 21 U.S.C. § 841; count IV distribution of heroin in violation of § 841; V distribution of cocaine in violation of § 841; VI distribution of heroin in violation of § 841 and VII felon in possession of a firearm in violation of 18 U.S. § 922(g)(1).

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court First Circuit Court of Appeals

(b) Result Affirmed

(c) Date of result August 1, 2006.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ____________________

(2) Nature of proceeding ____________________

(3) Grounds raised ____________________

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ____________________

(6) Date of result ____________________

(b) As to any second petition, application or motion give the same information:

(1) Name of court ____________________

(2) Nature of proceeding ____________________

(3) Grounds raised ____________________

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______________________________

(6) Date of result ______________________________

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Counsel was ineffective for fail to ascertain that his client was actually innocent of being a career offender.

Supporting FACTS (state *briefly* without citing cases or law)

See attached memorandum of law.

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four: ______

Supporting FACTS (state *briefly* without citing cases or law): ______

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: ______

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ______

(b) At arraignment and plea Joseph L. DeCaporale, Jr., 400 Reservoir Avenue, Providence, RI 02903

(c) At trial ______

(d) At sentencing Joseph L. DeCaporale, 400 Reservoir Ave, Providence, RI 02903

AO 243 (Rev. 5/85)

(e) On appeal Marie E. Hansen, 15 Columbia Street, Suite 501, Bangor, ME 04402.

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

x Oct. 23, 2007
(date)

x [signature]
Signature of Movant

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V | : | CR. NO. 02-95-01 (ML) |
| HIAWATHA BURKS | : | MEMORANDUM OF LAW IN SUPPORT OF § 2255 |

## STATEMENT OF THE CASE

On May 5, 2003, Mr. Burks entered into a plea agreement with the Government wherein he plead guilty to seven counts of an indictment.

Thereafter the Court sentenced Mr. Burks to 168 months of imprisonment.

A timely notice of appeal was filed and because his case was on direct appeal at the time the Supreme Court decided **United States v Booker**, 543 US 220 (2005) his case was remanded back to the district court for re-sentencing. Upon re-sentencing Mr. Burks was sentenced to a term of imprisonment of 120 months.

During Mr. Burks first sentencing and the second sentencing he was classified and sentenced as a Career Offender. This Career Ofender classification was predicated on two prior State convictions. One was for assualt with a deadly weapon and the second one was a drug trafficking offense.

## STATEMENT OF THE FACTS

A motion under Title 28 U.S.C. § 2255 is proper where a prisoner can show that his sentence of conviction was imposed in violation of the Constitution or the laws of the United States or that the Court was without jurisdiction to impose such a

sentence or that the sentence was in excess of the maximum athorized by law, or is otherwise subject to collateral attack.

Further a defendant must show cause why the matter was not previously raised at trial or on direct appeal and must show that he was prejudiced by this failure to previously raise the claim. **United States v Frady,** 456 US 152,170 (1982).

However a defendant may establish cause by demonstrating he received ineffective assistance of counsel. **Murray v Carrier,** 477 US 478,488 (1986). Further **Murray** held that it is an unacceptable deviation from our fundamental system of justice to automatically prevent the assersion of actual innocence simply because a defendant has not observed procedural avenues available to his. id 477 us at 496.

The Supreme Court has set forth the appropriate standard of review for claims of ineffective assistance of counsel in **Strickland v Washington,** 466US668,687 (1984), which requires that a defendant show: (1) that his counsel's performance was deficient under prevailing professional standarda, and (2) that because of his counsel's deficient performance, the defendant was prejudiced in a way which denied him the right to a fair and reliable trial. Futhermore an attorney renders ineffective assistance of counsel on appeal when the attorney fails to raise a clearly meritorious issue. **Evitts v Lucey,** 485 US 387,394 (1985).

**GROUND ONE**

**Trial counsel was ineffective for not ascertaining that his client was actually innocent of being a career offender.**

**SUMMARY OF THE ISSUE**

During both sentencing hearing Mr. Burks was classified as a Career Offender, even though he did not possess the necessary twp predicate cpnvictions.

**ARGUMENT**

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

Further the term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year that prohibits the manufacture, import, export, distribution or dispensing a controlled substance...." U.S.S.G. 4B1.2(b).

In the instance case Mr. Burks was adjudicated a career offender based upon a prior state conviction for assualt with a deadly weapon, which he does not contest and a prior state conviction for a controlled substance offense which he does contest. It should be noted that that Mr. Burks contested the career offender classification during the second sentencing hearing without any input from his counsel.

On or about May 1, 1997, Mr. Burks was aressted in the State of Rhode Island and charged in a two count complaint, count 1, charged that he did unlawfully possess with the intent to deliver a controlled substance, to wit cocaine as set forth in scedule II of 21-28-2.08, in violation of 21-28-4.01 A2.

Count 2, charged that he did unlawfully posses with the intent to deliver a controlled substance, to wit marijuana, as set forth in scedule I of 21-28-2.08 in violation of 21-28-4.01. See exhibit 1, attached hereto.

Thereafter Mr. Burks plead guilty to count 2, of the complaint at which time count 1, was dismissed. Hence he plead guilty to the possession with intent to deliver marijuana.

Under Rhode Island State General Law § 21-28-4.01(c)(2)(ii), possession with the intent to deliver marijuana is a misdemeanor with a sentence of not more than one year. See exhibit 2, attached hereto.

In determining whether a particular offense constitutes a controlled substance offense of a crime of violence under the sentencing guidelines a court limits its examination to the fact of conviction and the statutory definition of the predicate offense. See **United States v DeJesus,** 984 F2d 21,23 (1st Cir. 1993) and **United Stastes v DeLuca,** 17 F3d 6,8 (1St. Cir. 1994)

Ergo it is not the conduct a defendant is arrested for which is the determining factor whether an offense is a " controlled substance offense" rather the focus of the inquiry must be upon "the conduct of which the defendant was convicted. U.S.S.G. 4B1.2. commentary (n2), also see **United States v Hernandez,** 145 F3d 1433,1440 (11th Cir. 1998).

**INEFFECTIVE ASSISTANCE OF COUNSEL**

There can be no stratigical reason for not bringing the fact that his client was not a career offender to the Court's attention. Counsel simply failed to research the relevant state law. Therefore his performance was deficient. See **Dowell v**

**C.M. Lensing,** 805 F.Supp. 1335,1362(M.D. LA 1992).

**PREJUDICE**

The prejudice here is obvious as due to counsel's ineffectiveness Mr. Burks was sentenced as a career offender when he did not fit this classification and given an enhanced sentence.

**ACTUAL INNOCENCE**

In **United States v Maybeck,** 23 F3d 888,892 (4th Cir. 1994) the Court held that the actual innocence exception may be invoked in a petitioner's § 2255 motion to challenge the sentence imposed for a non-capital sentence such as the career offender designation. In accord **Poindexter v Nash,** 333 F3d 372,380-81 (2nd Cir. 2003) also see **Candelaria v United States,** (D.R.I. 2003).

**CONCLUSION**

Accordingly for the foregoing Mr. Burks is not a career offender and counsel was ineffective for not discovering this fact. Whereby Mr. Burks suffer prejudice as he is actually innocent of the career offender designation.

Date 10-23-07

Hiawatha Burks
Hiawatha Burks
Reg. No. 05235-07
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

SINGER GRAPHICS (401) 943-6500

# STATE OF RHODE ISLAND DISTRICT COURT CRIMINAL COMPLAINT

ZZ

DISTRICT COURT NO.: 5000988
COURT DIVISION: 2nd
POLICE NO.: 97-13057

STATE EX REL
VS. DEFENDANT (NAME AND ALIAS): Hiawatha D. Burks, alias John Doe

DEFENDANT ADDRESS AND PHONE: [redacted] Newport, RI 846-0716
STREET / CITY / STATE / PHONE

DEF. D.O.B.: [redacted]/77
DEF. BCI NO.:
DEF. SOC. SEC. NO.:
DEF. M.V. LIC. NO.:

OFFENSE DATE: 5/1/97
☐ DIVERS DATE
OFFICER/COMPLAINANT: Sgt. Norman G. Bestoso

POLICE DEPT./COMPLAINANT ADDRESS: Newport Police Department, 120 Broadway, Newport, RI

DETERMINE ATTY DATE:
PRE TRIAL DATE:
PRE-ARRAIGN CONF DATE: 6/26/97
TRIAL DATE:
SUPERIOR CT ARRAIGN DATE:
~~MISC DATE~~/BAIL HRG/~~CONTROL~~

TO ANY JUDGE OR JUSTICE OF THE PEACE: ON BEHALF OF THE STATE I SWEAR THAT THE ABOVE DEFENDANT DID COMMIT THE FOLLOWING OFFENSES:

OFFICER/COMPLAINANT: X Sgt [signature]
DATE: 5/2/97
SWORN TO BEFORE JUDGE/JUSTICE OF THE PEACE: X [signature]
DATE: 5-2-97

## INITIAL APPEARANCE

APPEARANCE DATE:
BAIL FOR ALL COUNTS: $
ARRAIGNMENT DATE:
JUSTICE OF THE PEACE:

## ARRAIGNMENT

ARRAIGNMENT DATE: 5-2-97
ADVISED OF RIGHTS: ☒ YES ☐ NO
JURY TRIAL WAIVED: ☒ YES ☐ NO
PLEA COUNT 1:
PLEA COUNT 2:
PLEA COUNT 3:

BAIL FOR ALL COUNTS: $ H WOB.
ATTORNEY NAME: Donna Uhlman?
☒ PRIVATE ☐ COURT APPT. ☐ P.D.
JUDGE/JUSTICE OF THE PEACE: X [signature]

COUNT 1 — STATUTE(S) VIOLATED: 21-28-4.01 A2A — ☒ FELONY ☐ MISDEMEANOR ☐ VIOLATION ☐ ORDINANCE

N2-96-237A

Did unlawfully possess with the intent to deliver a controlled substance, to-wit Cocaine, as set forth in Scedule II of 21-28-2.08 of the general laws as amended, in violation of 21-28-4.01 A 2 A of the general laws as amended.

5-2-97 State appeal bail

DISPOSITION:
☐ DISMISSAL
☐ GUILTY PLEA
☐ NOLO PLEA
☐ GUILTY FINDING
☐ NOT GUILTY FINDING
☐ CASE FILED 1 YEAR
☐ INFO/TRUE BILL
☐ NO INFO/NO TRUE BILL
☐ OTHER

SENTENCE IMPOSED: W/o Pl

PROCEEDING: ☐ ARRAIGN ☐ PRE TRIAL ☐ TRIAL ☐ OTHER
APPEAL TAKEN ☐
JUDGE: X
DATE:

COUNT 2 — STATUTE(S) VIOLATED: 21-28-4.01A2A — ☒ FELONY ☐ MISDEMEANOR ☐ VIOLATION ☐ ORDINANCE

Did unlawfully possess with the intent to deliver a controlled substance, to-wit Marijuana, as set forth in Scedule I of 21-28-2.08 of the general laws as amended, in violation of 21-28-4.01 (A) (2) (A) of the general laws as amended.

5-2-97 State appeal bail

EXH. 1

DISPOSITION:
☐ DISMISSAL
☐ GUILTY PLEA
☐ NOT GUILTY FINDING
☐ CASE FILED 1 YEAR
☐ INFO/TRUE BILL

SENTENCE IMPOSED

RI SUPREME COURT
I hereby certify that this document is an exact photographic reproduction of the original document on file in the RI Supreme Court Records Center

LEXSTAT R.I. GEN. LAWS §21-28-4.01

General Laws of Rhode Island
Copyright; 1953-2006 by the State of Rhode Island and Providence Plantations and Matthew Bender & Company, Inc.

*** Current through the January 2006 Session ***
*** Annotations current through November 14, 2006 ***

TITLE 21. FOOD AND DRUGS
CHAPTER 28. UNIFORM CONTROLLED SUBSTANCES ACT
ARTICLE IV. OFFENSES AND PENALTIES

**Go to the Rhode Island Code Archive Directory**

*R.I. Gen. Laws § 21-28-4.01* (2007)

§ 21-28-4.01. Prohibited acts A -- Penalties

(a) (1) Except as authorized by this chapter, it shall be unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance.

(2) Any person who is not a drug addicted person, as defined in § 21-28-1.02(18), who violates this subsection with respect to a controlled substance classified in schedule I or II, except the substance classified as marijuana, is guilty of a crime and upon conviction may be imprisoned to a term up to life, or fined not more than five hundred thousand dollars ($ 500,000) nor less than ten thousand dollars ($ 10,000), or both.

(3) Where the deliverance as prohibited in this subsection shall be the proximate cause of death to the person to whom the controlled substance is delivered, it shall not be a defense that the person delivering the substance was at the time of delivery, a drug addicted person as defined in § 21-28-1.02(18).

(4) Any person, except as provided for in subdivision (2) of this subsection, who violates this subsection with respect to:

(i) A controlled substance classified in schedule I or II, is guilty of a crime and upon conviction may be imprisoned for not more than thirty (30) years, or fined not more than one hundred thousand dollars ($ 100,000) nor less than three thousand dollars ($ 3,000), or both;

(ii) A controlled substance classified in schedule III or IV, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than forty thousand dollars ($ 40,000), or both; provided, with respect to a controlled substance classified in schedule III(d), upon conviction may be imprisoned for not more than five (5) years, or fined not more than twenty thousand dollars ($ 20,000), or both.

(iii) A controlled substance classified in schedule V, is guilty of a crime and upon conviction may be imprisoned for not more than one year, or fined not more than ten thousand dollars ($ 10,000), or both.

(b) (1) Except as authorized by this chapter, it is unlawful for any person to create, deliver, or possess with intent to deliver, a counterfeit substance.

(2) Any person who violates this subsection with respect to:

EXH. 2

(i) A counterfeit substance classified in schedule I or II, is guilty of a crime and upon conviction may be imprisoned for not more than thirty (30) years, or fined not more than one hundred thousand dollars ($ 100,000), or both;

(ii) A counterfeit substance classified in schedule III or IV, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than forty thousand dollars ($ 40,000), or both; provided, with respect to a controlled substance classified in schedule III(d), upon conviction may be imprisoned for not more than five (5) years, or fined not more than twenty thousand dollars ($ 20,000) or both.

(iii) A counterfeit substance classified in schedule V, is guilty of a crime and upon conviction may be imprisoned for not more than one year, or fined not more than ten thousand dollars ($ 10,000), or both.

(c) (1) It shall be unlawful for any person knowingly or intentionally to possess a controlled substance, unless the substance was obtained directly from or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter.

(2) Any person who violates this subsection with respect to:

(i) A controlled substance classified in schedules I, II and III, IV, and V, except the substance classified as marijuana, is guilty of a crime and upon conviction may be imprisoned for not more than three (3) years or fined not less than five hundred dollars ($ 500) nor more than five thousand dollars ($ 5,000), or both;

(ii) A controlled substance classified in schedule I as marijuana is guilty of a misdemeanor and upon conviction may be imprisoned for not more than one year or fined not less than two hundred dollars ($ 200) nor more than five hundred dollars ($ 500), or both.

(3) Additionally every person convicted or who pleads nolo contendere under paragraph (2)(i) of this subsection or convicted or who pleads nolo contendere a second or subsequent time under paragraph (2)(ii) of this subsection, who is not sentenced to a term of imprisonment to serve for the offense, shall be required to:

(i) Perform no less than one hundred (100) hours of community service;

(ii) Be referred to Treatment Alternatives to Street Crime (TASC) to determine the existence of problems of drug abuse. Should TASC determine the person needs treatment, it will arrange for the treatment to be provided and after completion of the treatment, the person shall perform his or her required community service and attend the drug education program;

(iii) Attend and complete a drug counseling and education program as prescribed by the director of the department of health and pay the sum of four hundred dollars ($ 400) to help defray the costs of this program which shall be deposited as general revenues. Failure to attend may result after hearing by the court in jail sentence up to one year;

(iv) The court shall not suspend any part or all of the imposition of the fee required by this subsection, unless the court finds an inability to pay;

(v) If the offense involves the use of any automobile to transport the substance or the substance is found within an automobile, then a person convicted or who pleads nolo contendere under paragraphs (2)(i) and (ii) of this subsection shall be subject to a loss of license for a period of six (6) months for a first offense and one year for each offense after this.

(4) All fees assessed and collected pursuant to paragraph (3)(iii) of this subsection shall be deposited as general revenues and shall be collected from the person convicted or who pleads nolo contendere before any other fines

authorized by this chapter.

(d) It shall be unlawful for any person to manufacture, distribute, or possess with intent to manufacture or distribute, an imitation controlled substance. Any person who violates this subsection is guilty of a crime, and upon conviction shall be subject to the same term of imprisonment and/or fine as provided by this chapter for the manufacture or distribution of the controlled substance which the particular imitation controlled substance forming the basis of the prosecution was designed to resemble and/or represented to be; but in no case shall the imprisonment be for more than five (5) years nor the fine for more than twenty thousand dollars ($ 20,000).

(e) It shall be unlawful for a practitioner to prescribe, order, distribute, supply, or sell an anabolic steroid or human growth hormone for: (1) enhancing performance in an exercise, sport, or game, or (2) hormonal manipulation intended to increase muscle mass, strength, or weight without a medical necessity. Any person who violates this subsection is guilty of a misdemeanor and upon conviction may be imprisoned for not more than six (6) months or a fine of not more than one thousand dollars ($ 1,000), or both.

**HISTORY:** P.L. 1974, ch. 183, § 2; P.L. 1982, ch. 151, § 1; P.L. 1985, ch. 154, § 1; P.L. 1986, ch. 346, § 1; P.L. 1986, ch. 457, § 1; P.L. 1988, ch. 521, § 1; P.L. 1989, ch. 198, § 1; P.L. 1989, ch. 523, § 1; P.L. 1991, ch. 44, art. 66, § 1; P.L. 1991, ch. 211, § 1; P.L. 1991, ch. 256, § 1; P.L. 1992, ch. 418, § 4; P.L. 1995, ch. 370, art. 14, § 5; P.L. 1995, ch. 370, art. 40, § 57; P.L. 2002, ch. 292, § 54; P.L. 2005, ch. 93, § 1; P.L. 2005, ch. 104, § 1.

**NOTES:**

COMPILER'S NOTES. P.L. 2005, ch. 93, § 1, and P.L. 2005, ch. 104, § 1, enacted identical amendments to this section.

EFFECTIVE DATES. P.L. 2005, ch. 93, § 3 and P.L. 2005, ch. 104, § 3, state that the amendments to this section by those acts take effect on August 1, 2005.

CROSS REFERENCES.

Investigation and proceedings against racketeer influenced and corrupt organizations, § 7-15-1 et seq.

NOTES TO DECISIONS

Analysis

1. Possession.
2. Knowledge.
3. Intent.
4. Intent to Deliver.
5. Any Person.
6. Indictment.
7. Information Upheld.
8. Warrantless Search and Seizure.
9. Suppression of Evidence.
10. Identity of Informant.
11. Probable Cause for Arrest.
12. Evidence.
13. Evidence of Firearms.
14. Evidence of Defendant's Drug Dependency.
15. Evidence Held Insufficient.
16. Entrapment.
17. Voluntary Intoxication.