UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HIAWATA BURKS
Petitioner

vs. CR. NO. 02-095ML

UNITED STATES OF AMERICA
Respondent

PETITIONER'S TRAVERSE TO
THE GOVERNMENT'S OBJECTION TO
HIS MOTION UNDER § 2255

The Petitioner Hiawata Burks (Burks) hereby tenders his traverse to the Government's objection to his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

The crux of this entire matter is whether Mr. Burks was career offender at the time of his sentencing, if he was his motion under § 2255 is frivolus as the Government Attorney aptly puts it. However if he was not a career offender at the time of his sentencing, and he was not his trial and his appellate attorneys were ineffective for not discovering this fact.

Furthermore if Burks was not a career offender he is actually innocent of this classification and the Government's Attorney should simply concede the issue.

The Government's Attorney's first line of defense is that Burks defaulted this issue because he failed to raise it on direct appeal. However a defendant may demonstrate cause for this failure by demonstrating that he received ineffective assistance of counsel. **Murray v Carrier,** 477 US 478,488 (1986). Further an attorney renders ineffective assistance of counsel on appeal when the attorney fails to raise a clearly meitorious appellate issue. **Evitts v Lucey,** 485 US 387,394 (1985).

The Government's Attorney's second line of defense is that Burks was not subjected to ineffective assistance of counsel. This defense fails as had trial or appellate counsels performed a simple investigation of the relevant Rhode Island

State Laws they would have discovered that Burks did not possess the necessary predicate convictions to make him a career offender. See **Thomas v Kuhlam,** 225 F.Supp.2d 99,101,109-10 (E.D.N.Y. 2003)(Although defense counsel's performance was in general highly professional and efficacious his failure to perform an adequate investigation may render his performance ineffective).

Further the Government's Attorney makes the claim that even if counsels' performance was ineffective, Burks has suffered no prejudice. The Supreme Court has held in **Glover v U.S.,** 531 US 198,200,202-04 (2001)(if trial or appellate counsels' failure to challenge a calculation of the applicable sentencing guidelines category resulted in "an increased prison term" then petitioner has established **Strickland** prejudice).

Another factor that this court must not overlook is that Burks is actually innocent of being a career offender. See **Candelarial v U.S.,**247 F.Supp.2d 125,131-32 (D.R.I. 2003)(Actual innocence exception to procedural default rules applies in non-capital career offender enhancements) quoting **U.S. v Maybeck,** 23 F3d 888,892 (4th Cir. 1994). Also see **Dretke v Haley,** 541 US 386,393 (2004)("The cause and prejudice standard is not a perfect safeguard against a fundamental miscarriage of justice"). Further the Court has made clear that the miscarriage of justice exception at the very least applies to cases of actual innocence. See **Herrera v Collins,** 506 US 390,404 (1993)(In cases of abuse of the writ or successive use of the writ a petitioner can have his constitutional claim considered on the merits if he makes a claim of actual innocence).

The Government's Attorney seems to make a big ado about the fact that Burks did not previously argue that his predicate conviction did not quality as a predicate for the career offender enhancement and that Burks received the sentence he requested.

Clearly had trial or appellate counsels investigated the relevant state law

without doubt counsels would have placed this issue before the court. Further it would be simply callous to assume now that the invalidity of the career offender enhancement is placed before the court that the judge upon reconsideration would undoutedly impose the same sentence. **U.S. v Tucker,** 404 US 443,448n8 (1972).

As mentioned the crux of this entire matter is whether Burks is a career offender.

In the Government's objection at 4, the Government lists the prior conviction it deems makes Burks a career offender: (1) Felony assault with a dangerous weapon, N2/96-0237A, a prior conviction wihich is not at issue in Burks' § 2255, and (2) possession of marijuana with intent to distribute, N2/97-0141A, which is the basis of Burks' claim that he did not possess the required predictes to make him a career offender.

In the Government's objection at 14, the Government's Attorney is being completely disingenous and attempting to mislead the court as Burks never claimed that his conviction was for simple possession of marijuana. See Burks' § 2255 at 4. Burks' contention is that this marijuana conviction was a misdemeanor which subjected him to the maximum sentence of (1) year, which by the way is a contention the Government does not contest.

Under the relvant Rhode Island State Law the violation Burks was convicted of 21-28-4.01A2A states:

> 21-28-4.01A2A Prohibited acts A--Penalties--(a)(1) Except as authorized by this chapter, it shall be unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance.
>
> [A>(2)<]... Any person who is not a drug dependent person... who violates this subsection with respect to a controlled substance classified in schedule I or II, except the substance classified as marijuana, is guilty of a crime and upon conviction may be imprioned to a term up to life, or fined not more than five hundred thousand dollars nor less than then thousand dollars or both....
>
> [A>(2)<A]... Any person who violates this subsection with respect to:

[A>(II)<... A controlled substance classified in schedules I as marijuana is guilty of a misdeamor and upon conviction may be imprisoned for not more than one year or fined not less than two hundred dollars nor more than five hundred dollars or both.... See exhibit 1, attached hereto.

The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year that prohibits the manufacture, import, export, distribution or dispensing a controlled substance...." U.S.S.G. 4B1.2(b).

Accordingly because Burks prior controlled substance offense carries a punishment of a maximum term of imprisonment of one year, it cannot be used as a predicate offense for the career offender enhancement.

**ENTITLEMENT TO A HEARING**

Section 2255 provides that the court should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 Rule 4(b).

Here the court should hold a hearing as the motion and the files and records of the case conclusively show that Burks is entitled to relief.

**CONCLUSION**

For the foregoing reasons, Mr. Burks request that his motion under § 2255 be granted.

Date 12-31-07

Hiawatha Burks

Hiawata Burks
Reg. No. 05235-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

# CERTIFICATE OF SERVICE

To: Adi Goldstein
Assistant U.S. Attorney
U.S. Attorneys' Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

I certify under the penalty of perjury that a true and correct copy of within was mailed to the above postage prepaid this 31 day of December 2007.

Hiawatha Burks
Hiawata Burks

controlled substances to be administered by a nurse or intern under his or her direction and supervision. [D> If the practitioner uses a narcotic drug in schedule II in the care and treatment of any individual case for a period of three (3) months, he or she shall at the expiration of the period of three (3) months report the use to the director of health, together with the name of the patient and the nature of the disease or ailment which the patient has. A practitioner prescribing schedule II narcotic drugs for a patient with a medical diagnosis documenting a terminal illness will only be required to file an initial report, and will be exempt from filing subsequent reports for those patients. <D]

21-28-4.01. Prohibited acts A -- Penalties. -- (a) (1) Except as authorized by this chapter, it shall be unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance.

(2) Any person who is not a drug [D> dependent <D] [A> ADDICTED <A] person, as defined in section 21-28-1.02(18), who violates this subsection with respect to a controlled substance classified in schedule I or II, except the substance classified as marijuana, is guilty of a crime and upon conviction may be imprisoned to a term up to life, or fined not more than five hundred thousand dollars ($ 500,000) nor less than ten thousand dollars ($ 10,000), or both.

(3) Where the deliverance as prohibited in this subsection shall be the proximate cause of death to the person to whom the controlled substance is delivered, it shall not be a defense that the person delivering the substance was at the time of delivery, a drug [D> dependent <D] [A> ADDICTED <A] person as defined in section 21-28-1.02(18).

(4) Any person, except as provided for in subdivision (2) of this subsection, who violates this subsection with respect to:

(i) A controlled substance classified in schedule I or II, is guilty of a crime and upon conviction may be imprisoned for not more than thirty (30) years, or fined not more than one hundred thousand dollars ($ 100,000) nor less than three thousand dollars ($ 3,000), or both;

(ii) A controlled substance classified in schedule III or IV, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than forty thousand dollars ($ 40,000), or both; provided, with respect to a controlled substance classified in schedule III(d), upon conviction may be imprisoned for not more than five (5) years, or fined not more than twenty thousand dollars ($ 20,000), or both.

(iii) A controlled substance classified in schedule V, is guilty of a crime and upon conviction may be imprisoned for not more than one year, or fined not more than ten thousand dollars ($ 10,000), or both.

(b) (1) Except as authorized by this chapter, it is unlawful for any person to create, deliver, or possess with intent to deliver, a counterfeit substance.

(2) Any person who violates this subsection with respect to:

(i) A counterfeit substance classified in schedule I or II, is guilty of a crime and upon conviction may be imprisoned for not more than thirty (30) years, or fined not more than one hundred thousand dollars ($ 100,000), or both;

(ii) A counterfeit substance classified in schedule III or IV, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than forty thousand dollars ($ 40,000), or both; provided, with respect to a controlled substance classified in schedule III(d), upon conviction may be imprisoned for not more than five (5) years, or fined not more than twenty thousand dollars ($ 20,000) or both.

EXH. 1

(iii) A counterfeit substance classified in schedule V, is guilty of a crime and upon conviction may be imprisoned for not more than one year, or fined not more than ten thousand dollars ($ 10,000), or both.

(c) (1) It shall be unlawful for any person knowingly or intentionally to possess a controlled substance, unless the substance was obtained directly from or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter.

(2) Any person who violates this subsection with respect to:

(i) A controlled substance classified in schedules I, II and III, IV, and V, except the substance classified as marijuana, is guilty of a crime and upon conviction may be imprisoned for not more than three (3) years or fined not less than five hundred dollars ($ 500) nor more than five thousand dollars ($ 5,000), or both;

(ii) A controlled substance classified in schedule I as marijuana is guilty of a misdemeanor and upon conviction may be imprisoned for not more than one year or fined not less than two hundred dollars ($ 200) nor more than five hundred dollars ($ 500), or both.

(3) Additionally every person convicted or who pleads nolo contendere under paragraph (2)(i) of this subsection or convicted or who pleads nolo contendere a second or subsequent time under paragraph (2)(ii) of this subsection, who is not sentenced to a term of imprisonment to serve for the offense, shall be required to:

(i) Perform no less than one hundred (100) hours of community service;

(ii) Be referred to Treatment Alternatives to Street Crime (TASC) to determine the existence of problems of drug abuse. Should TASC determine the person needs treatment, it will arrange for the treatment to be provided and after completion of the treatment, the person shall perform his or her required community service and attend the drug education program;

(iii) Attend and complete a drug counseling and education program as prescribed by the director of the department of health and pay the sum of four hundred dollars ($ 400) to help defray the costs of this program which shall be deposited as general revenues. Failure to attend may result after hearing by the court in jail sentence up to one year;

(iv) The court shall not suspend any part or all of the imposition of the fee required by this subsection, unless the court finds an inability to pay;

(v) If the offense involves the use of any automobile to transport the substance or the substance is found within an automobile, then a person convicted or who pleads nolo contendere under paragraphs (2)(i) and (ii) of this subsection shall be subject to a loss of license for a period of six (6) months for a first offense and one year for each offense after this.

(4) All fees assessed and collected pursuant to paragraph (3)(iii) of this subsection shall be deposited as general revenues and shall be collected from the person convicted or who pleads nolo contendere before any other fines authorized by this chapter.

(d) It shall be unlawful for any person to manufacture, distribute, or possess with intent to manufacture or distribute, an imitation controlled substance. Any person who violates this subsection is guilty of a crime, and upon conviction shall be subject to the same term of imprisonment and/or fine as provided by this chapter for the manufacture or distribution of the controlled substance which the particular imitation controlled substance forming the basis of the prosecution was designed to resemble and/or represented to be; but in no case shall the imprisonment be for more than five (5) years nor the fine for more than twenty thousand dollars ($ 20,000).

(e) It shall be unlawful for a practitioner to prescribe, order, distribute, supply, or sell an anabolic steroid or human