UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HIAWATHA BURKS :
:
v. : CR. No. 02-095-ML
:
UNITED STATES OF AMERICA :

MEMORANDUM AND ORDER

Mary M. Lisi, Chief United States District Judge.

Hiawatha Burks has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, that motion is denied.

I. BACKGROUND AND TRAVEL

On November 20, 2002, a federal grand jury for the District of Rhode Island returned an eight-count indictment against Burks. Counts I - IV charged that Burks distributed cocaine base and heroin, respectively, on various dates, in violation of 21 U.S.C. § 841(a)(1)and (b)(1)(C). Counts V and VI charged Burks with possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1)and (b)(1)(C). Count VII charged that Burks possessed two firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Count VIII charged that Burks possessed those two firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The Government also filed an information pursuant to 21 U.S.C. § 851 alleging that in 1997 Burks had been convicted of three prior felony offenses in Rhode Island Superior Court: cocaine possession, possession of marijuana with intent to distribute, and simple assault.

Burks was initially represented by Federal Defender Edward C. Roy. After Attorney Roy withdrew, appointed counsel Joseph DeCaporale represented Burks during his plea and sentencing.

Pursuant to a plea agreement, Burks pled guilty to Counts I through VII of the indictment.

In exchange for pleading guilty, the Government agreed to dismiss Count VIII and the § 851 sentencing information. At the change of plea hearing, Burks admitted that he committed the offenses in each of Counts I - VII and that he previously had been convicted of a felony. (See Transcript of Change of Plea Hearing conducted on May 15, 2003 ["Plea Tr."] at 20-21.)

Prior to sentencing, the U.S. Probation Office prepared a Presentence Investigation Report (PSR). This Court found that Burks qualified as a career offender on the basis of his two prior state court convictions: a conviction for a crime of violence (felony assault with a dangerous weapon, Newport Superior Court Dkt. No. N2/96-0237A) and a conviction for a drug trafficking crime (possession of marijuana with intent to distribute, Newport Superior Court Dkt. No. N2/97-0141A). Pursuant to the Career Offender provisions of the Sentencing Guidelines, this Court determined that Burks's Guideline range was 168 - 210 months, based on a total offense level of 30 and a criminal history category VI.

At his sentencing hearing, Burks objected to several provisions of the PSR, but did not object to his classification as a career offender. After denying the objections, this Court sentenced Burks to 168 months imprisonment -- the low end of the then mandatory Guideline range -- followed by three years of supervised release.

Burks appealed, represented by different counsel, raising various challenges to his sentence, but he did not challenge his designation as a career offender. While the appeal was pending, the Government and Burks filed a joint motion to remand for re-sentencing, in light of the U.S. Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). The Court of Appeals affirmed Burks's conviction and remanded his case for re-sentencing in light of Booker.

This Court held a re-sentencing hearing on June 30, 2005, at which Burks was again

represented by Attorney DeCorporale. Burks made no objection to the PSR but did verbally question his career offender designation for the first time, disputing the counting of his prior drug offense in view of the fact that he served only 90 days imprisonment for that offense. (See Transcript of Sentencing hearing conducted on June 30, 2005 ["Sent. Tr."] at 9-10.) This Court informed Burks that his prior drug offense constituted a felony and thus was countable in determining his career offender status. (Id. at 10.) Nonetheless, this Court elected to exercise the discretion permitted by Booker and imposed a sentence of 120 months -- four years below his previous sentence and the bottom of the applicable Guidelines range.

Burks again appealed to the First Circuit, represented by still different counsel. He did not challenge his classification as a career offender on this appeal, and his sentence was summarily affirmed. See United States v. Burks, Judgment, Dkt. No. 03-2126 (1st Cir. Aug. 1, 2006).

Burks then filed the instant § 2255 motion, raising a single claim: that his counsel rendered ineffective assistance because he failed to ascertain and argue that Burks should not be classified as a career offender. The Government filed a response in opposition, and Burks filed a Traverse (rebuttal). The matter is now ready for review.[1]

## II. DISCUSSION

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance fell below an objective standard of reasonableness; and

---

[1] No hearing is required in connection with any issues raised by this motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that Burks's claim is without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief . . . .") (internal quotations omitted).

(2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

In assessing the adequacy of counsel's performance, the Court looks to 'prevailing professional norms.' All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Ramirez v. United States, 17 F.Supp.2d 63, 66 (D.R.I. 1998) (quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688). To satisfy the prejudice requirement under Strickland, a defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, Burks claims that his counsel failed to ascertain that he was not a career offender because his previous offense of possession of marijuana with intent to distribute did not constitute a 'controlled substance offense' within the meaning of U.S.S.G. § 4B1.2(b). He contends that because he actually served only 90 days of his sentence on his prior drug offense, it should not have been classified as a 'controlled substance offense' under § 4B1.2(b) and that he was incorrectly determined to be a career offender.[2] The claim is patently without merit.

Under the pertinent Guideline a defendant is a career offender if: (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2)

---

[2] Any challenge to the career offender classification itself would be deemed waived due to Burks's failure to raise it during either direct appeal. See Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994); Bousley v. United States, 523 U.S. 616, 621-22 (1998). However, because Burks couches his argument as an ineffective assistance claim, it may properly be raised here. See Knight, 37 F.3d at 774.

the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions involving either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).[3]

Guidelines § 4B1.2 defines a "controlled substance offense" as:

> [a]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Burks's contention misconceives the 'career offender' classification criteria established under the Guidelines. According to the Commentary to § 4B1.2, a "prior felony conviction" is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony <u>and regardless of the actual sentence imposed</u>." <u>Id</u>. § 4B1.2, comment (n. 3) (emphasis added). As the First Circuit has noted, "the type and term of the sentence previously imposed or served are immaterial to the 'career offender' classification required under the Guidelines. Instead, only the maximum term of imprisonment under the controlling criminal statute may be considered in determining whether there was a prior felony conviction." <u>United States v. Sanchez</u>, 917 F.2d 604, 615 (1st Cir. 1990). <u>See also</u> <u>United States v. Simo-Lopez</u>, 471 F.3d 249, 252-253 (1st Cir. 2006) (noting that statutory maximum for a particular crime, and not specific sentence imposed, determines its classification as a felony under the Guidelines) (citing <u>Sanchez</u>).

---

[3] The PSR relied on the Guidelines as amended through April 30, 2003. (PSR ¶ 15.) Because the pertinent provisions of Guideline §4B1.1 and § 4B1.2, were the same at both the first and second sentencing hearings, <u>compare</u> §§ 4B1.1 and 4B1.2, as amended through April 30, 2003, <u>with</u> §§ 4B1.1 and 4.B1.2, as amended through November 1, 2004, it is immaterial which version is used here. This Court refers to the later version.

Because the maximum penalty for the drug offense for which Burks was convicted in 1997 -- possession with intent to deliver marijuana -- was greater than one year, see R.I. Gen. Laws § 21-28-4.01(A)(2)(a) (1989 Reenactment, 1996 Supp.),[4] his offense was unquestionably a felony. Moreover, the pertinent state court judgment shows that the sentence actually imposed for this offense was six years -- three months to serve and the balance suspended with probation. (See Judgment of Conviction and Commitment, Dkt. No. N2/97-0141A, Exhibit 1 to Memorandum of Law in Support of Government's Objection to Petitioner's Motion to Vacate, Set Aside, or Otherwise Correct Sentence pursuant to 28 U.S.C. §2255.) Thus, Burks unquestionably was a career offender under the Guidelines.

It follows that Burks's counsel was not deficient in failing to raise a legally flawed claim. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999) (counsel cannot be deemed ineffective for failing to raise or pursue futile tactics). Accordingly, this claim fails.

III. CONCLUSION

For the foregoing reasons, Burks's motion to vacate sentence is DENIED and DISMISSED.

IT IS SO ORDERED:

Mary M. Lisi
Mary M. Lisi
Chief United States District Judge

Date: July 31, 2008

[4] Although Burks cites to the current version of § 21-28-4.01, the sections of which were redesignated in the Reenactment of 2002, this Court cites to the statute as it existed at the time of his drug offense conviction. Moreover, in his Traverse Burks incorrectly quotes the language of § 21-28-4.01(C)(1)(b) [currently § 21-28-4.01(c)(2)(ii)(2002 Reenactment)], which prescribes the penalty for simple possession of marijuana. Burks's conviction, however, was for possession with intent to deliver marijuana, in violation of § 21-28-4.01(A)(2)(a).